UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

MICHAEL and LINDA MCHUGH,

    Plaintiffs,

v.

RUBIN & DEBSKI, P.A. and
SUNTRUST BANK,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this District, Plaintiffs reside in this District, and Defendants transact business in this District.

### PARTIES

4.    Plaintiffs Michael and Linda McHugh (collectively, "Plaintiffs") are natural persons who at all relevant times resided in the State of Florida, County of Broward, and City of Cooper City.

1

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) and by Fla. Stat. § 559.55(2).

6. Defendant Rubin & Debski, P.A. ("Rubin") is a professional association that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by Fla. Stat. § 559.55(1).

7. Rubin is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant SunTrust Bank ("SunTrust") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by Fla. Stat. § 559.55(1).

## FACTUAL ALLEGATIONS

9. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Rubin.

10. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Rubin, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a SunTrust personal line of credit.

11. Rubin uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12. Prior to November 2011, in connection with the collection of an alleged debt in default, American Coradius International, LLC ("ACI"), agent-in-fact of SunTrust, began attempting to collect an account ending in 2665 ("Account 2665") from Plaintiffs.

13. Plaintiffs, via their counsel, sent written correspondence regarding Account 2665, dated November 18, 2011, to ACI, SunTrust's then agent-in-fact, stating in relevant part, as follows:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(See November 18, 2011 Correspondence, attached as Exhibit A).

14. Upon information and good-faith belief, ACI received Plaintiffs' notice of representation letter on or about November 28, 2011.

15. Upon ACI's receipt, SunTrust had knowledge that Plaintiffs were represented by counsel.

16. Thereafter, upon information and good-faith belief, prior to January 2012, SunTrust placed Account 2665 with Johnson & Freedman, LLC ("Johnson") for the purpose of engaging in collection activity directed toward Plaintiffs.

17. Plaintiffs, via their counsel, sent written correspondence regarding Account 2665 dated January 16, 2012 to Johnson, SunTrust's then agent-in-fact, stating in relevant part as follows:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal

> revocation of any permission our client may have provided you to call them.

(See January 16, 2012 Correspondence, attached as Exhibit B).

18. Johnson received Plaintiffs' notice of representation letter on January 21, 2012 at 1:49 P.M. (See USPS Delivery Confirmation, attached as Exhibit C).

19. Upon Johnson's receipt, SunTrust was again notified that Plaintiffs were represented by counsel.

20. Further, Plaintiffs, via their counsel, sent written correspondence regarding Account 2665 dated October 6, 2012 to SunTrust, stating in relevant part as follows:

> This firm represents the above named individual. We have reason to believe you are the holder of this account and/or we have detected recent credit reporting by your company regarding this alleged debt and outstanding balance.

(See October 6, 2012 Correspondence, attached as Exhibit D).

21. Upon information and good-faith belief, SunTrust received Plaintiffs' October 6, 2012 correspondence on or about October 12, 2012.

22. Upon receipt, SunTrust was again notified that Plaintiffs were represented by counsel.

23. Thereafter, prior to December 2012, upon information and good-faith belief, SunTrust placed Account 2665 with Rubin for the purpose of engaging in collection activity directed toward Plaintiffs.

24. Upon information and good-faith belief, at the time it placed Account 2665 with Rubin, and not later than December 11, 2012, SunTrust informed Rubin, its agent-in-fact, that Plaintiffs were represented by counsel.

25.     Despite its knowledge that Plaintiffs were represented by counsel, Rubin, itself and on behalf of SunTrust, sent written communication dated December 12, 2012, regarding Account 2665, directly to Plaintiffs that included the alleged balance owed and that demanded payment.  (See December 12, 2012 Correspondence, attached as Exhibit E).

26.     In the alternative, upon information and good-faith belief, upon placement of Account 2665 with Rubin, SunTrust intentionally failed to notify Rubin, its agent-in-fact, that Plaintiffs were represented by counsel.

27.     Upon information and good faith-belief, SunTrust intentionally failed to notify Rubin that Plaintiffs were represented by counsel for the express purpose of circumventing Plaintiffs' counsel in order to engage in collections activity directly with Plaintiffs with respect to an alleged debt in default..

28.     Plaintiffs' counsel did not consent to any direct communication with Plaintiffs by Rubin.

29.     At no time did Plaintiffs' counsel fail to respond within a reasonable period of time to a communication from Rubin or SunTrust.

30.     Plaintiffs did not initiate any communication with Rubin or SunTrust.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## RUBIN

31.     Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 30.

32.     Rubin violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiffs directly after learning that Plaintiffs were represented by counsel, when an attempt to contact Plaintiffs' counsel had not been made, or Plaintiffs' counsel was not given sufficient time to respond to an

initial attempt to communicate, and where no permission had been given to contact Plaintiffs directly.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Rubin violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF FLA. STAT. § 559.72(18)
## RUBIN

33. Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 30, above.

34. Rubin violated Fla. Stat. § 559.72(18) by communicating with Plaintiffs when the person knows that Plaintiffs are represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless Plaintiffs' attorney fails to respond within 30 days to a communication from the person, unless Plaintiffs' attorney consents to a direct communication with Plaintiffs, or unless Plaintiffs initiate the communication.

35. As a result of Rubin's violations as aforesaid, Plaintiffs suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs Michael and Linda McHugh by and through their attorneys, respectfully pray for judgment as follows:

    a) All actual compensatory damages suffered;

    b) Emotional and/or mental anguish damages;

    c) Statutory damages of $1,000.00;

    d) Plaintiffs' attorneys' fees and costs; and

    e) Any other relief deemed appropriate by this Honorable Court.

## COUNT III
## VIOLATION OF FLA. STAT. § 559.72(18)
## SUNTRUST

36. Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 30, above.

37. In the alternative, SunTrust violated Fla. Stat. § 559.72(18) by communicating with Plaintiffs when the person knows that Plaintiffs are represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless Plaintiffs' attorney fails to respond within 30 days to a communication from the person, unless Plaintiffs' attorney consents to a direct communication with Plaintiffs, or unless Plaintiffs initiate the communication.

38. As a result of SunTrust's violations as aforesaid, Plaintiffs suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs Michael and Linda McHugh by and through their attorneys, respectfully pray for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiffs' attorneys' fees and costs; and

e) Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

39. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: March 18, 2013.

          Respectfully submitted,

          **MICHAEL and LINDA MCHUGH**

          By: s/ Alex D. Weisberg
          ALEX D. WEISBERG
          FBN: 0566551
          WEISBERG & MEYERS, LLC
          ATTORNEYS FOR PLAINTIFFS
          5722 S. Flamingo Rd, Ste. 656
          Cooper City, FL 33330
          (954) 212-2184
          (866) 577-0963 fax
          aweisberg@attorneysforconsumers.com